### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HUGO MUNOZ CARVAJAL, a/k/a ) <br> SERGIO MUNOZ-CARVAJAL, and ) <br> JOSEPH CRAYNE, ) <br> ) <br> Defendants. ) | Case No. 8:11CR109 <br><br> ORDER FOR SEVERANCE <br> OF COUNTS |

This case is before the court on Defendant Hugo Munoz Carvajal's Motion for Severance for Misjoinder of Counts Pursuant to Fed.R.Crim.P. Rule 8(a)[1] & 14 (#40) and Defendant Joseph Crayne's Motion for Severance for Misjoinder Pursuant to Rule 8(b)[2] (#38). The defendants are charged jointly in three counts of a four-count superseding indictment: Count I, conspiracy to distribute 50 grams or more of methamphetamine; Count II, distribution of less than 50 grams of methamphetamine; and Count III, possession with intent to distribute more than 50 grams of methamphetamine. Defendant Carvajal is charged in Count IV with illegal re-entry by an aggravated felon.

Both defendants argue misjoinder under separate sections. The government responds (#45) that had Carvajal not illegally re-entered the country, the conspiracy would not have existed between the defendants and therefore Count IV of the superseding indictment remains "connected with or constitutes a part of a common scheme or plan" pursuant to the Rule.

---

[1] Fed.R.Crim.P. 8(a) Joinder of Offenses.

[2] Fed.R.Crim.P. 8(b) Joinder of Defendants.

Fed.R.Crim.P. 8(a) permits the Government to charge multiple counts in a single indictment, provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan.  Joinder is proper if one of these three are met.  Thus, Rule 8 generally favors joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).  Joint trials, on all counts of an indictment, are generally preferable for several reasons.  First, separate trials necessarily involve a certain degree of "inconvenience and expense." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).  Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome." *Id*.  In this case, I find Hugo Munoz Carvajal's motion for severance based on Rule 8(a) should be granted as to Count IV. When compared to the other counts, Count IV is not of the same or similar character, is not based on the same act or transaction, or connected with or constitute part of a common scheme or plan.  Under the government's theory of the case that the crimes could not have been committed in this country if Munoz Carjaval had not re-entered, any and all offenses committed by him would be properly joined under one indictment.  I do not believe that such a conclusion is warranted.  I find the Rule requires that there be some common activity involving all defendants embracing all the charged offenses even though every defendant need not have participated in or be charged with each offense.  *United States v. McKuin*, 434 F.2d 391, 395-96 (8th Cir.  1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 875, 27 L.Ed.2d 810 (1971).  I conclude that, as to defendant Munoz Carvajal, Count IV of

illegal re-entry by an aggravated felon should be severed from Counts I through III of the superseding indictment.

While Defendant Joseph Crayne argues that the defendants are misjoined under 8(b) and that the court has no discretion to deny severance of defendants not properly joined under the Rule, I find the ruling on Defendant Hugo Munoz Carvajal's motion for severance under 8(a), moots the issue under 8(b) as to Defendant Crayne, and his motion should be denied.

**IT IS ORDERED:**

1. Defendant Hugo Munoz Carvajal's Motion for Severance (#40) under Fed.R.Crim.P. 8(a) is granted.  Defendant Joseph Crayne's Motion for Severance (#38) under Fed.R.Crim.P. 8(b) is denied.  Count IV of the superseding indictment is severed from the remaining counts of the superseding indictment.

2. The Clerk of the Court shall amend the records of the court to show the severance of Count IV from the superseding indictment, said count to be a separate charge.

3. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order.  The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 3rd day of August 2011.

BY THE COURT:

S/ F.A. Gossett, III
United States Magistrate Judge